### In the Matter of Anna E. FULKERSON, Respondent.

### No. 02S00–0901–DI–9.

Supreme Court of Indiana.

Sept. 4, 2009.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint, the affidavit, and the briefs of the parties, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** *Count I.* In May 2007, Respondent represented two criminal defendants housed in the Noble County jail. A former client ("Former Client") drove Respondent to the jail, where Respondent requested admittance to a secure area to speak with the clients. When jail personnel stopped Former Client from following Respondent, both Former Client and Respondent identified Former Client as Respondent's private investigator, giving the name of Respondent's actual investigator. Former Client was, in fact, the girlfriend of one of the inmates. After jail personnel determined Former Client's true identity, she and Respondent left. Respondent was charged with Aiding in Identity Deception, a class D felony. Under a plea agreement, she pled guilty to Resisting Law Enforcement, a class A misdemeanor, and received a one-year suspended sentence with supervised probation.

*Count II.* In summer 2005, a client hired Respondent for $2,500 to pursue an action to adopt her two grandchildren. Respondent took no action besides filing an appearance, and the children were adopted by their foster parents on September 26, 2005. More than five months later, Respondent filed objections to the adoption,

---

which were denied as untimely. Respondent did not answer the client's requests for information and did not refund any of the payment.

*Count III.* In 2007, Respondent represented a couple who were creditors in a bankruptcy. She filed an objection to the debtor's discharge of her clients' debt, but the action was dismissed when she twice failed to comply with an order to submit a pretrial order. She re-filed the same action and successively filed a motion for summary judgment and two motions for default judgment. The motions were denied and the action was dismissed for failure to serve the debtor. Respondent failed to communicate with the clients about the status of the case.

Respondent reports that she is a recovering alcoholic and sought help from Judges and Lawyers Assistance Program ("JLAP") in October 2007. She is currently participating in JLAP monitoring, attending AA meetings, and receiving medical care and counseling. She says that the incident described in Count I occurred after she had been drinking and had received treatment for neck pain. She admits the matters described in Counts II and III were not taken care of properly.

**Violations:** Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information. 1.5(a): Charging an unreasonable fee.

3.1: Asserting a position for which there is no non-frivolous basis in law or fact.

3.2: Failure to expedite litigation consistent with the interests of the client.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** Respondent's misconduct of Count I involves use of her position of trust as an attorney in an attempt to deliberately deceive jail personnel to gain access for an unauthorized person to a secure area of the jail by using the identity of a third party. In her memorandum addressing her misconduct, Respondent does not acknowledge that she lied about Former Client's identity and attempted to get her into a *secure* area of the jail. Rather, she minimizes her misconduct, stating that she was *accused* of attempting to help Former Client visit the inmate in the *visitor's* area. Without admission of the seriousness of her misconduct, acceptance of responsibility for it, and an expression of remorse, the Court concludes that Respondent must be suspended from the practice of law with reinstatement only after she proves her fitness to practice by clear and convincing evidence pursuant to Admission and Discipline Rule 23, sections 4 and 18.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least one year, without automatic reinstatement, beginning October 13, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule

23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except BOEHM and RUCKER, JJ., who dissent.

RUCKER, Justice, dissents believing the sanction is excessive and that any sanction imposed should include a period of probation with continued JLAP monitoring. BOEHM, J., concurs.