**In the Matter of Carl C. JONES, Respondent.**

No. 45S00–1012–DI–680.

Supreme Court of Indiana.

June 17, 2013.

## PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed a "Second Amended Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint, the affidavit, and the briefs of the parties, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** As a result of conduct when visiting a client in jail, Respondent was convicted by a jury on November 4, 2010, of Trafficking with an Inmate, a class A misdemeanor. The contraband he delivered to his incarcerated client consisted of a letter from the client's girlfriend offering to testify falsely about an alibi for the client, letters from the client's mother and brother, and other items.[1]

In July 2007, in responding to the Commission's grievance against him, Respondent stated that any letters confiscated by the jail were mailed to the client by the client's mother. At his trial in November 2010, however, Respondent testified that he had brought the letters to his client. Respondent makes no attempt to explain the discrepancy in his responses. Since his admission to the allegation at his criminal trial was later in time and against his interests, we surmise that his earlier denial to the Commission was likely the untruthful statement.[2]

A fact in mitigation is Respondent's lack of disciplinary history. A fact in aggravation is that Respondent has failed to discuss in any manner his untruthful statement to the Commission or express remorse for it.

**Violations:** Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** Respondent's use of his position of trust as an attorney to traffic in any contraband with an inmate is serious misconduct. *See Matter of Wagoner,* 787 N.E.2d 377, 378 (Ind.2003) (Shepard, C.J., dissenting from approval of conditional agreement); *cf. Matter of Fulkerson,* 912 N.E.2d 822 (Ind.2009) (attempt to deceive jail personnel to gain access for an unauthorized person to a secure area of jail). In addition, Respondent's untruthful response to the Commission's investigative

---

1. In his brief on sanction, Respondent disclaimed knowledge of the letter from the girlfriend offering to testify falsely about an alibi, stating that he gave his client a sealed envelope that he believed contained only letters from the client's mother. This statement, however, is not under oath or entered into evidence in this case.

2. The Court would find lying under oath at a criminal trial at least as serious an ethical violation.

inquiry was a substantial breach of professional ethics. *See Matter of Shumate*, 626 N.E.2d 459, 461 (Ind.1993).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least six months, without automatic reinstatement, beginning July 30, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.